In the MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILROAD COMPANY, RESPONDENT, TO ACQUIRE TITLE TO LANDS OF ELIZABETH WALSH AND OTHERS, APPELLANTS.

*Land under water — when it may be taken by a railroad company for the construction of its road — 1850, chap. 140, sec. 28, sub. 5 ; 1864, chap. 582 ; 1880, chap. 133.*

A tract of land under the waters of the Hudson river was granted by the commissioners of the land office to the owners of the adjoining uplands, upon the condition that they should fill in the same and construct docks thereon. The grantees neglected to do this, but did construct docks on the bank of the river, and shipped therefrom large quantities of bricks, made at brick yards situated upon their lands, by both steam and sailing vessels, which passed over the land under water so granted to them.

*Held*, that subdivision 5 of section 28 of chapter 140 of 1850, as amended by chapter 582 of 1864, and chapter 133 of 1880, providing that "nothing in this act contained shall be construed to authorize the erection of any bridge, or any other obstructions, across, in or over any stream or lake navigated by steam or sail boats, at the place where any bridge or other obstructions may be proposed to be placed," did not prevent a railroad company from acquiring title to a strip of the said land under water and constructing its road thereon, even though the said steam and sailing vessels were accustomed to pass to and fro over the place where the road was to be located.

APPEAL from an order, made at Special Term, appointing commissioners to appraise the value of land to be taken by the applicant.

It appeared that the strip of land described in the petition was proposed to be taken for the purpose of constructing thereon an embankment for a railroad without a draw-bridge.

The land proposed to be taken is under the waters of the Hudson river, and was granted to the owners of the adjoining uplands September 3, 1868, upon the condition that the same should be filled in and a dock erected thereon within five years. If a railroad be constructed thereon, it will stretch across a bay on the west shore of the said river in such a way as will prevent vessels going in and out of the said bay.

The Hudson river is navigated by steam and sail boats at the very place where the obstruction of the proposed railroad is proposed to be placed, viz: on the said strip of land described in the petition.

The appellants, Elizabeth Walsh and her tenants, have extensive brick yards and docks upon the inner side of the said bay, and ship their brick to market from them, and receive wood and coal for the same, by both steam and sailing vessels, which are obliged to pass directly over and across the place where the said railroad is proposed to be constructed.

The owner and tenants of the lands proposed to be taken put in their answer to the petition, setting up the above facts, and claiming that the railway company has no right to construct its railroad at the place and upon the land described in the petition, and therefore no right to have commissioners appointed to appraise such lands.

The petition on which the order appointing the commissioners was made contained the following: " That in the construction of its railway the said New York, West Shore and Buffalo Railway Company will construct a draw-bridge on said railway, by which draw-bridge free and uninterrupted access may be had from the river to the said docks, and from said docks to the river, with vessels at all times."

After the order was made and the appeal therefrom perfected, an order was made on application of the railroad company and against the opposition and objection of the owner and persons interested,

amending the petition by striking out the words above quoted. From the latter order an appeal was also taken.

*Cassidy & Brown,* for railroad company.

*E. A. Brewster,* for Walsh and others, appellants.

BARNARD, P. J.:

The lands proposed to be taken are situated under the waters of the Hudson river. The commissioners of the land office have granted the same to the predecessors in title of the appellants. The docks required by the terms of the grant have not been built within the time specified therein.

The proposed road-bed of the railroad company is over one hundred feet in the river, leaving a strip of water inside of the track, but the proposed road-bed is all within the grant of the land commissioners to Walsh. Under this state of facts the appellants claim that the railroad company have no power to construct their road; that the case is one which is covered by a portion of the eighteenth section, subdivision 5 of the general railroad act. These words are now as follows: " Nothing in this act contained shall be construed to authorize the erection of any bridge, or any other obstructions across, in or over any stream or lake navigated by steam or sail boats at the place where any bridge or other obstructions may be proposed to be placed." These words were designed without doubt to cover the case presented. There should be no obstruction placed in waters actually navigated at the proposed place of obstruction by steam or sail boats. The legislature in the same act provided, however, that the commissioners of the land office might convey to railroads lands under water required for the purpose of the road. (Sec. 25 of chap. 140 of the Laws of 1850.)

The lands granted to Walsh are still his, because no breach of a condition subsequent of itself divests the title. There must be a re-entry. The case is therefore one where the land taken is the private land of Walsh, granted for purposes of commerce. The State, through its authorized agents, have determined that the part granted under water is not needed for purposes of navigation. They have authorized and required it to be filled up and docked

out for the purposes of commerce. It does not, therefore, come under the section of the general railroad act which prohibits obstructions in navigable waters. The obstruction is legalized, and Walsh may sell the right to any one to destroy navigation within the limits of the grant. What Walsh can sell can be taken from him by condemnation upon payment of its value.

This view of the case seems to be in harmony with the case, *Matter of New York Central and Hudson River Railroad Company* (77 N. Y., 248). In that case the railroad company took lands under water which had been granted to private individuals. The court held that the lands might be taken under the general railroad act, it being necessary to the purposes of its incorporation. The taking in that case was under a section providing for the same after a railroad is built, but the prohibition which is cited as to obstructions in navigable waters is general and applies to all railroad companies which take land under it. If the present appellants had their track upon the shore it could, under the authority of that case, take these lands under water and dock them out to the extent of the lands taken. There is no error in striking out of the petition the clause as to a drawbridge. It was no part of the petition. The company, if the lands are taken and the road built, must do whatever the law imposes upon it to do. If the case is one calling for restoration of the stream, that must be done. If the appellants tract of upland and land under water is such, that the company must pay for all damage to the entire piece, that must be done. The question is not before us, and the facts from which it could be determined are not presented.

We think the land may be taken, and therefore the order should be affirmed, with costs and disbursements.

GILBERT, J., concurred so far as petitioners' right to acquire interests of appellants, and, as regards costs, is affirmed.

DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.